UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THOMAS CADY,

        Plaintiff,

v.

KING COUNTY, et al.,

        Defendants.

Case No. C23-0471-JLR-SKV

ORDER RE: MOTION FOR DISCOVERY AND TO NAME DEFENDANTS

        Plaintiff, who proceeds pro se and *in forma pauperis* in this civil rights action, filed a Motion for Discovery and to Name Defendants. Dkt. 29. The Court, having considered the motion and the remainder of the record, finds and concludes as follows:

        (1)    Plaintiff requests that the Court compel Defendant King County to provide records as to or to identify two correctional officers involved in his transport to Harborview Hospital on April 5, 2020. *See id*. Although he included these "John Does" in his Complaint, they were not considered Defendants to the action given the absence of sufficient identifying information and, as a result, the Court's inability to effectuate service. Dkt. 7 at 2, n.1. The Court advised Plaintiff he could seek identifying information through discovery and provide that information to the Court to allow for service. *Id*.

ORDER RE: MOTION FOR DISCOVERY AND
TO NAME DEFENDANTS - 1

Now, in the current motion, Plaintiff states that he needs the identifying information so that the John Doe Defendants can be served. However, in general, discovery should be conducted between the parties. A party should not seek judicial intervention unless the parties reach a disagreement they cannot resolve on their own. The Court will not hear a motion to compel discovery until the moving party has met and conferred with opposing counsel or made a good faith effort to do so. Fed. R. Civ. P. 37(a)(1); Local Civil Rule (LCR) 37(a)(1). "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). "The certification must list the date, manner, and participants to the conference." LCR 37(a)(1). A good faith effort to confer requires a face-to-face meeting or telephone conference. *Id.*

Pro se litigants remain bound by the rules of procedure. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam) (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)). Here, there is no indication Plaintiff made a good faith effort to resolve this discovery issue with Defendants prior to seeking judicial intervention. Nor has Plaintiff otherwise complied with the rules applicable to a motion to compel. Accordingly, Plaintiff's Motion for Discovery and to Name Defendants, Dkt. 29, is DENIED.

(2) The Clerk is directed to send copies of this order to the parties and to the Honorable James L. Robart.

Dated this 31st day of May, 2023.

S. KATE VAUGHAN
United States Magistrate Judge